# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILNER SAINTVILLE,** | : | **CIVIL NO. 1:CV-05-0542** |
| Petitioner, | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **RAYMOND COLLERAN,** | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

On March 17, 2005, Petitioner, Wilner Saintville ("Saintville"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in which he attacks a conviction imposed by the Court of Common Pleas for York County. (Doc. 1). In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), Saintville was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petitions, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act. He was also informed that failure to comply with the order would result in the court ruling on the motion, document or pleading as captioned. (Doc. 7). Saintville failed to comply with the order. As such, Saintville was notified that the petition would be ruled on as filed. (Doc. 11). The petition is presently ripe for disposition, and, for the reasons set forth below, three of the claims will be dismissed with prejudice and the remaining claim will be denied.

I. Background.

 A. Procedural History.

Following a jury trial in the Court of Common Pleas of York County, Saintville was convicted of

possession of drugs with intent to deliver and criminal conspiracy to commit possession with intent to deliver. On December 27, 1999, Saintville was sentenced to consecutive terms of incarceration of 12 to 24 years. (Doc. 17-2, p. 6). Post-trial motions were filed on January 7, 2000. (Doc. 18-2, p. 29). Supplemental post-trial motions were filed on April 5, 2000. The post-trial motions were subsequently denied. (Doc. 17-2, pp. 12-16). A timely appeal to the Superior Court of Pennsylvania was filed. On June 4, 2001, the judgment of sentence was affirmed by the Superior Court, but the matter was remanded for an evidentiary hearing. (*Id*. at pp. 48-57).

In accordance with the Superior Court directive, an evidentiary hearing was held on August 6, 2001 and August 31, 2001. (Doc. 18-1, pp. 3-51). Saintivlle's request for post-conviction relief was denied on August 31, 2001. (Doc. 18-2, pp. 8-10). Saintville appealed this determination. On July 19, 2002, the Superior Court affirmed the lower court decision. (Doc. 18-2, pp. 27-34). A petition for allowance of appeal was filed with the Pennsylvania Supreme Court. On September 10, 2003, the petition for allowance of appeal was denied. (Doc. 17-1, p. 15).

Saintville then filed a petition for post conviction collateral relief on July 26, 2004. (*Id*.). on November 28, 2004, a hearing was scheduled. However, on December 20, 2004, Saintville's request to have his post conviction petition withdrawn was granted. (Id. at p. 16). The instant petition was filed on March 17, 2005.

B. Factual Background.

The facts, as determined by the Superior Court of Pennsylvania on direct appeal, are as follows:

> On April 15, 1999, State Troopers investigated a shooting at a trailer located at 615 Frogtown Road in Hanover, York County. Appellant had been shot and transported for medical treatment when Trooper Jonathan Miller arrived at the scene. Trooper Miller determined the incident occurred either outside or inside a trailer which was rented and occupied by William Brown, Bob Trostle, and Janice Whitson. According to the testimony, the appellant was an overnight visitor at the trailer but did not reside there. The trooper interviewed the tenants Mr. Brown, Mr. Trostle and Ms. Whitson. All three

> consented to a search of the trailer, the purpose of which was to uncover evidence related to the shooting. All three signed waiver-of-rights forms and consent-to-search forms, which listed firearms, firearm related items, ammunition, spent casings, blood spatter evidence, or other items yet unknown of evidentiary value in reference to the incident. The owner-landlord of the trailer likewise gave her consent to the search. Based on their interviews of the occupants of the trailer, the troopers at the scene were able to determine at least one intruder had been in the trailer.
>
> In the course of their investigation, the troopers entered the trailer. The search uncovered drug evidence, including a bag containing a substantial amount of cocaine which was found in a box of evaporated milk taken from an upper cupboard in the kitchen area. The kitchen area was open and adjacent to the living area. The trooper who recovered this evidence felt it was found in a place where a gun or other evidence could have been easily hidden. Also recovered were numerous items of drug paraphernalia found in plain view and over $21,000.00 in cash.
>
> Commonwealth witness Robert Trostle testified that when appellant would come to stay at the trailer, he would sell cocaine for appellant. Mr. Trostle testified he would take calls from customers, get the drugs from appellant, give the money from the sale to appellant and in exchange would receive drugs for himself. Another Commonwealth witness, William Brown, gave similar testimony.
>
> The admissibility of the bag of cocaine found in the box of milk was contested at the suppression hearing, which was held on November 8, 1999. The trial count found this evidence was admissible, and the case proceeded to trial. On November 10, 1999, the jury found appellant guilty of possession with intent to deliver cocaine and criminal conspiracy. On November 12, 1999, the Commonwealth filed notices of their intent to seek the mandatory minimum sentences. A sentencing hearing was held on December 27, 1999. Appellant was sentence to a period of incarceration of seven (7) to fourteen (14) years for the possession with intent to deliver conviction. A sentence of five (5) to (10) years was imposed on the conspiracy count consecutive to the first sentence, for an aggregate sentencing of twelve (12) to twenty-four (24) years' imprisonment.

(Doc. 18-2, pp. 28-29).

II. Claims for habeas relief.

Saintville raises the following four grounds in his federal habeas petition:

Ground One: Ineffective Assistance of Counsel.

Ground Two: Unlawful Search and Seizure.

Ground Three: Verdict was against the weight of the evidence.

Ground Four: Illegal sentence as the sentencing court was without jurisdiction.

III. Statute of Limitations.

Respondent first argues that the petition is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. §2244(d)(1). Section 2244(d)(1) states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court." The statute then specifies that the limitation period shall run from the latest of four alternative dates. The applicable period in the instant matter is the date on which the judgment became final by the issuance of a final decision on direct appeal or by the expiration of the time period for seeking such review. §2244(d)(1)(A); *See Morris v. Horn*, 187 F.3d 333, 337, n. 1 (3d Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999); 28 U.S.C. §2244(d)(1)(A).

Respondent argues that the one-year statute of limitations had already expired when Saintville filed the federal petition. The Court disagrees. Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. For Saintville, this process concluded when the time for petitioning the United States Supreme Court for a writ of certiorari expired, *i.e.*, 90 days after September 10, 2003, the date on which the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* Rule 13 of the Rules of the Supreme Court of the United States; *see also*, *Lines v. Larkins*, 208 F.3d 153, 164 (3d Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)(direct review concludes with the expiration of the time for petitioning for certiorari review). Thus, Saintville's limitations period commenced on or about December 8, 2003, and Saintville had until December 8, 2004, to file his 2254 petition unless the period was tolled by pursuit of properly filed state post-conviction

proceedings.

The statute was tolled on July 26, 2004, when Saintville filed a petition for Post Conviction Collateral Relief with the Court of Common Pleas of York County. However, it began to run again on December 20, 2004, when Saintville withdrew that petition. (*Id*.). At that time he had approximately four months to file the petition in federal court. He did so on March 17, 2005, less than three months later. The petition is therefore timely.

IV. Exhaustion of state court remedies.

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claim have been exhausted. 28 U.S.C. § 2254(b)(1); *Stevens v. Del. Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir.2002). The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). "Fair presentation" of a claim means that the petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999) (citations omitted); See also, *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir., 2004). Petitioners who have not presented their claims to the highest state court have failed to exhaust those claims. *O'Sullivan*, 526 U.S. at 844-45. Saintville did not raise either his challenge that the verdict was against the weight of the evidence, or that he was sentenced by a court without jurisdiction during the course of his direct appeal. (Docs. 1, p. 5, 14, p. 5).

However, another avenue of relief that would ordinarily be available to Saintville is collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. § 9541, *et seq.*, "which permits motions for post-conviction collateral relief for allegations of error, including ineffectiveness of

counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d. Cir. 1991).[1] While the PCRA contains limits on availability of judicial review, our Court of Appeals has generally insisted that a state prisoner first attempt to obtain state court review before proceeding in federal court under 28 U.S.C. § 2254. *See, e.g., Toulson v. Beyer,* 987 F.2d 984, 988-89 3d Cir. 1993).

If Saintville could still present his federal claims *via* a PCRA petition to the state courts, the petition would be dismissed without prejudice. However, the time for presenting the issues to the state court has expired. Essentially, the Pennsylvania courts would not entertain the claims because the statute of limitations for filing another PCRA has expired. 42 Pa.C.S.A. § 9545(b)(1). The statutory language governing time limitations for filing a PCRA petition is as follows:

**(b) Time for filing petition -**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[1] The exhaustion requirement is satisfied if a Petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence or through a collateral proceeding, such as a petition under the PCRA. It is not necessary, however, to present federal claims to state courts both on direct appeal and in a PCRA proceeding. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1230-31 (3d Cir. 1992); *Swanger v. Zimmerman*, 750 F.2d 291295 (3d Cir. 1984). .

>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> (4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545(b).

The Pennsylvania state courts have made it clear that the time limitations set forth in the PCRA are jurisdictional. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999); *Commonwealth v. Banks*, 556 Pa. 1, 726 A.2d 374, 376 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 641 (1998). "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(I)-(iii) and timely filing pursuant to (b)(2)." *Fahy*, 737 A.2d at 222. Therefore, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(I)-(iii). *Id*.

As noted above, Saintville's judgment of conviction became final on or about December 8, 2003. He had one year from that date to file a PCRA petition. While he filed a timely PCRA petition in July 2004, he

withdrew the petition in December 2004. Any petition filed now would be considered untimely. Saintville does not, nor could he, aver that the failure to raise the claims previously was the result of interference by government officials. Nor could Saintville argue that the facts upon which the claim is predicated were unknown to the him and could not have been ascertained by the exercise of due diligence. The third exception is also unavailable to Saintville; he does not argue that the claims involve a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided and has been held to apply retroactively.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. §2254(b). In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)." *McCandless*, 172 F.3d at 260; *see also, Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001); *Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir.2001); *Lines*, 208 F.3d at 164-66.

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir.1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993); *Coleman*, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298 (1995); *Keller*, 251 F.3d 408.

Saintville has not alleged cause or prejudice. Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Consequently, the Petitioner is precluded from pursuing federal habeas corpus relief with regard to these issues.

V. *Stone v. Powell* bar to Fourth Amendment claim.

Saintville contends that his conviction was unconstitutional in that it resulted from an illegal, search. Specifically, he argues that the search conducted by the Pennsylvania State Police went beyond the scope of the consented search. It is well settled that " a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," if the state has already provided an " opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone v. Powell*, 428 U. S. 465, 494 ( 1976); *Deputy v. Taylor*, 19 F. 3d 1485, 1491 ( 3d Cir. 1994); *Gilmore v. Marks*, 799 F. 2d 51, 54 ( 3d Cir. 1986).

The record demonstrates that Saintville had a full and fair opportunity to litigate his Fourth Amendment claim in state court both at the trial court level and on appeal. Accordingly, he is not entitled to federal habeas corpus review of this claim.

VI. Merits of ineffective assistance of counsel claim.

  A. Standard of Review.

Federal courts in habeas matters must give considerable deference to determination of the state trial and appellate courts. *See* 28 U.S.C. § 2254(e); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001). Further, a federal habeas court must presume that a state court's findings of fact are correct. See 28 U.S.C. § 2254(d)(1). The petitioner bears the burden of rebutting the presumption of correctness. *Id*. An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002).

Subsection (d)(1) involves two clauses or conditions, one of which must be satisfied for a writ to issue. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). In the "contrary to" clause, the writ may be granted if it is determined that the state court reached a "'conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Marshall*, 307 F.3d at 51 (*quoting Williams*, 529 U.S. at 413 (2000)). Under the "unreasonable application" clause, a federal court may grant the writ if the state court "identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.2002) (*citing Williams*, 529 U.S. at 407). The unreasonable application test is an objective one--a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly. *Jacobs v. Horn* 395 F.3d 92, 99 -100 (3d Cir. 2005); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Gattis*, 278 F.3d at 228. It must be determined that the application was objectively unreasonable. *Williams*, 529 U.S. at 411.

B.  Discussion.

Sixth Amendment claims of ineffective assistance of counsel are governed by the familiar two-prong

test of *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as a "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant mus show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

*Id*. at 687; *see Williams*, 529 U.S. at 390-91. In order to satisfy the first prong, Saintville must demonstrate that counsel's performance fell below an objective standard of reasonableness considering all the circumstances. *Strickland*, 466 U.S. at 687-88. Reasonableness must be considered on the facts of the case, viewed as of the time of counsel's conduct. *Id.* at 689. Every effort must be made "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Id*.

If the court concludes that counsel's performance was deficient, the court must then determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidences in the outcome. *Id*. Failure to satisfy either prong of the *Strickland* analysis defeats the ineffectiveness claim. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

In considering the ineffectiveness claim, the Superior Court stated as follow:

> Our standard of review is well established. In order to succeed on an ineffectiveness of counsel claim, "appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his clients interests, and Appellant has suffered as a result." *Commonwealth v. Griffin*, 537 Pa. 447, 457, 644 A.2d 1167, 1172 (1994)(citations omitted).

(Doc. 18-2, p. 31).[2] In considering the claim, the Superior Court evaluated the testimony presented at the

---

[2]The pertinent opinion is the July 19, 2002 Superior Court opinion which considered the trial court's denial of the ineffectiveness of counsel claim that was previously remanded for an evidentiary

evidentiary hearing and acknowledged that any credibility determinations that needed to be drawn were for the trial court and were not to be disturbed on appeal absent an abuse of discretion. (Doc. 18-2, p. 32). The court then concluded that "trial counsel's strategy had a reasonable basis designed to effectuate his client's interest. Once it is determined that counsel's choice of tactic had some reasonable basis designed to effectuate his client's interests, the court's inquiry into ineffectiveness ends. *Commonwealth v. Clemmons*, 505 Pa. 356, [360-61], 479 A.2d 955, 957 (1984)." (*Id*. at p. 33).

Although the state court did not cite to *Strickland*, the caselaw relied upon contained the same standard of review as the governing Supreme Court standard. There is no indication that the state courts unreasonably applied established federal law in reaching their decisions, or that the state court decisions were based on an unreasonable application of the facts in light of the evidence presented at trial. Saintville has not demonstrated that the state court decisions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified. *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 891 (3d Cir. 1999). Habeas relief on this ground will therefore be denied.

VII. Order.

**AND NOW,** this 31st day of August 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), **IT IS HEREBY ORDERED THAT**:

1. Grounds two, three and four of the petition for writ of habeas corpus are DISMISSED with prejudice;

2. Ground one of the petition for writ of habeas corpus is DENIED;

3. The Clerk of Court is directed to CLOSE this matter;

4. There is no basis for the issuance of a certificate of appealabilty.

---

hearing. (Doc. 18-2, pp. 27-34)

<u>S/ Yvette Kane</u>  
Yvette Kane  
United States District Judge